UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMAL MOORE,

                                  Plaintiff,

-against-


POLICE OFFICER BRYAN CULLEN,
SHIELD NO. 28302, POLICE OFFICER
AJUBA GRANVILLE, POLICE OFFICER
"JOHN DOE 1-2" FROM THE 73RD
PRECINCT,

                                  Defendants.
------------------------------------------------------------------------X

*COMPLAINT AND JURY DEMAND*

Docket No.
1:14-cv-6534

ECF CASE

Plaintiff Jamal Moore, by his attorney Cary London, of London Indusi, LLP, for his complaint against defendant New York Police Department Officers alleges as follows:

PRELIMARY STATEMENT:

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

2. The claim arises from a January 1, 2014 incident in which defendants, acting under color of state law, unlawfully handcuffed Mr. Moore and arrested him for no valid reason in front of 259 Sumpter Street in Brooklyn, NY. Mr. Moore spent approximately 24 hours unlawfully in police custody. At arraignment, bail was set, and Mr. Moore spent approximately another 8 days unlawfully in police custody before making bail and being released. After Mr. Moore made over a dozen court appearances, he was found not guilty of all charges by the Honorable Judge Jeong on October 14, 2014.

3. Plaintiff seeks monetary damages (compensatory and punitive) against defendants, as

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff resided at all times here relevant in Kings County, City and State of New York.

8. Defendants Cullen, Defendant Granville, and John Doe 1-2, were, at all times here relevant, a police officer of the NYPD and as such were acting in the capacity of an agent, servant and employee of the City of New York.

9. On information and belief, at all times relevant hereto, Defendants Cullen, Defendant Granville, and John Doe 1-2 were involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

10. Upon information and belief, Defendants Cullen, Defendant Granville, and John Doe 1-2 were under the command of the 73rd precinct on the date of the incident.

11. While an officer at the 73rd precinct, Defendants Cullen, Defendant Granville, and

John Doe 1-2's supervisors failed to train, supervise, discipline and control them.

12. On information and belief, at all times relevant hereto, Defendants Cullen, Defendant Granville, and John Doe 1-2, and Defendant Jane Doe 1 were under the command of the 73rd precinct and are sued in their individual capacity.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

14. On January 1, 2014, at approximately 2:00a.m, Mr. Moore, was at a house party at 259 Sumpter Street in Brooklyn, NY.

15. Mr. Moore was standing in the back yard of the residence of 259 Sumpter Street when Defendants Cullen, Defendant Granville, and John Doe 1-2, all in uniform, asked Mr. Moore to come towards them.

16. Mr. Moore was not committing any crimes or acting unlawfully.

17. Mr. Moore complied with their orders and walked towards the four uniformed Officers, Defendants Cullen, Defendant Granville, and John Doe 1-2.

18. The four defendants, then, acting in concert, unlawfully handcuffed Mr. Moore.

19. Mr. Moore did not resist arrest.

20. Mr. Moore asked Defendant Cullen, "What am I being arrested for?"

21. Defendant Cullen did not respond, but merely walked Mr. Moore to a police van, put him inside, and drove Mr. Moore to the 73rd precinct.

22. There was no probable cause to arrest Mr. Moore.

23. While Plaintiff was in central booking, Officer Cullen, acting in concert and with

malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Possession of a Loaded Rifle or Shotgun and Possession of Rifle Ammunition.

24. Mr. Moore was unlawfully held in police custody and arraigned on those charges.

25. At arraignments on January 2, 2014, the Judge set bail at $1000 cash over $750 bond based on the Defendant Cullen's false allegations, and the matter was adjourned to January 7, 2014, for conversion.

26. On January 7, 2014, Defendant Cullen, falsely swore to a supporting deposition, and Mr. Moore remained unlawfully held in police custody.

27. On January 10, 2014, Mr. Moore made bail after spending nine days in unlawful police custody.

28. For several weeks following the incident Mr. Moore was afraid of walking down the street.

29. As the arresting officer, Defendant Cullen prepared the police reports relating to Mr. Moore's arrest.

30. In preparing those reports, Defendant Cullen repeatedly falsified information relating to the facts and circumstances surrounding Mr. Moore's arrest, including a false claim that he had observed Mr. Moore throw a firearm.

31. Those reports were forwarded to one or more prosecutors at the King's County District Attorney's office.

32. On information and belief, Defendant Cullen, Defendant Granville, and Defendant John Doe 1-2, spoke to one or more prosecutors at the Kings County District Attorney's office and falsely informed them that Mr. Moore was in possession of a loaded rifle.

33. After making over a dozen court appearances, on October 14, 2014, Plaintiff Moore

was found Not Guilty of all Charges.

34. The Judge's deliberations lasted less than one hour.

35. Notwithstanding the fact that Mr. Moore was acquitted of the charges against him, the identification of Mr. Moore as a person involved in the possession of a firearm by Defendant Cullen would be likely to influence a trial Judge's decision to convict him.

36. Defendant Cullen and Defendant Granville repeatedly gave perjurious and misleading testimony at the pre-trial hearing and the trial that ultimately acquitted Mr. Moore.

37. At all times during the events described above, Defendant Cullen, Defendant Granville, and John Doe 1-2, were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

38. During all of the events described, Defendant Cullen, Defendant Granville, and John Doe 1-2 acted maliciously and with intent to injure plaintiff.

## DAMAGES

39. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

    b) Violation of his rights pursuant to the Fifth Amendment of the United States Constitution the right to a fair trial.

c) Violation of his rights pursuant to the Sixth Amendment of the United States Constitution the right to a fair trial.

d) Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

e) Physical pain and suffering;

f) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

g) Loss of liberty;

FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

40. The above paragraphs are here incorporated by reference.

41. The Defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

42. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

43. At all relevant time's defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

44. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

45. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

46. All of this occurred without any illegal conduct by plaintiff.

47. Plaintiff's case was terminated in his favor and sealed.

48. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

49. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

50. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SECOND CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

51. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

52. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

53. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

THIRD CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

54. The preceding paragraphs are here incorporated by reference.

55. Defendants, acting with malice, initiated a prosecution against plaintiff and caused

him to be prosecuted.

56. Defendants did not have probable cause to initiate proceeding.

57. The criminal proceedings were terminate in plaintiff's favor.

58. Plaintiff's case was terminated in his favor and sealed.

59. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

**FOURTH CAUSE OF ACTION**
Denial of Right to a Fair Trial
Under 42 U.S.C. § 1983 Against Individual Defendants

60. The above paragraphs are here incorporated by reference.

61. By providing false information and/or evidence to the King's County District Attorney's office that was likely to influence a jury's decision, the Defendants engaged under color of law in the violation of Plaintiff's right to a fair trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, plaintiff respectfully requests judgment against defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

D. Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

E. Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: Nov 5, 2014
      Brooklyn New York

                Respectfully submitted,

                /s/ Cary London
                *Cary London, Esq.*
                Bar Number: CL2947
                Attorney for Mr. Moore
                London Indusi LLP
                186 Joralemon Street, Suite 1202
                Brooklyn, NY 11201
                (718) 301-4593 – Phone
                (718) 249-9391 – Fax
                Cary@LondonIndusi.com